UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD DAVID CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 4:12-CV-1545-JCH |
| ) | |
| ST. CHARLES COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Ronald David Clark for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff seeks monetary relief in this action against defendant St. Charles County Sheriff's Department. Plaintiff alleges that St. Charles sheriff deputies racially discriminated against him and assaulted him.

Although plaintiff has failed to state the jurisdictional grounds for filing this action in Federal Court, the Court will liberally construe the complaint as having been brought under 42 U.S.C. § 1983.

## Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that the

complaint is legally frivolous. Sheriff's departments are not suable entities. *See, e.g.*, *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of September, 2012.

      **/s/ Jean C. Hamilton**
      **UNITED STATES DISTRICT JUDGE**